**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**SHEWFELT INVESTMENT CO.,**
**Defendant-Appellant.**

No. 76–3130.

United States Court of Appeals, Ninth Circuit.

Nov. 16, 1977.

Rehearing Denied Dec. 29, 1977.

Thomas P. Gilfoy (argued), of Oliver, Stoever & Laskin, Los Angeles, Cal., for Shewfelt Inv. Co.

Peter R. Steenland, Jr., U. S. Dept. of Justice, Washington, D. C., for the U. S.

Before TRASK, WALLACE and ANDERSON, Circuit Judges.

PER CURIAM:

Shewfelt appeals from a judgment arising out of an eminent domain proceeding involving 5974.86 acres of desert land in Imperial County, California. The United States took a one-year leasehold, renewable for four more years, in order to use the land as an aerial artillery range. The district court awarded Shewfelt a total of $17,194 for the five years.

The involved land is in the desert with no available water and much of it is in mountainous terrain. There are no mineral resources, no roads and very little vegetation. Except for small portions which have been used for limited grazing following the annual rainfall, the land has virtually no use except as an artillery range. It has been so used, through a succession of voluntary leases and eminent domain proceedings, since 1943.

Regardless of the land's minimal use value, an active market has developed for land in this area, and the sale price at the time of the taking was between $30 and $60 an acre. This entire market is solely due to speculation.

The district judge found that the land had no use except for the purpose of the taking. He further found that there were no comparable rentals on which to base an award. Shewfelt contends that the award should therefore be fixed as a percentage of the fair market value of the fee, and argued that 8% was the proper figure. The government argued for a more complicated valuation formula, based on a "bundle of rights" analysis, but ultimately the government's analysis also depended on the fair market value of the fee. The district court felt that both analyses were improperly based on the land's speculative market value, and thus produced an unduly high award. Nevertheless, the court considered the government's valuation to be an "admission" and, accordingly, entered judgment for that amount. The district court's decision is published at 410 F.Supp. 628.

When the government takes a leasehold, the compensation due to the owners is the fair rental value of the property for the period of the taking. *Kimball Laundry Co. v. United States*, 338 U.S. 1, 7, 69 S.Ct. 1434, 93 L.Ed. 1765 (1949); Annot., 7 A.L. R.2d 1297; Nichols, *Eminent Domain*, § 12.5 (3d ed.). In addition, the burden is on the landowner to prove his or her asserted valuation of the condemned interest. *United States ex rel. TVA v. Powelson*, 319 U.S. 266, 273, 63 S.Ct. 1047, 87 L.Ed. 1390 (1943).

In this case there was no evidence of comparable leases from which a fair rental value could be derived. Accordingly, Shewfelt attempted to meet this burden by using a formula based on the fair market value for the sale of the land. The district court

declined to value the land using a formula based on the land's sale value because the sale value was solely the result of speculation and had no relation to the land's actual use value. The issue presented here is whether the district judge erred in refusing to base his valuation of the leasehold interest on the land's speculative market value.

Since the speculation on this land had not been affected by the presence of the active artillery range, the district court did not err in concluding that the sale value had no relation to the value of a temporary leasehold. Shewfelt has failed to advance a convincing reason for concluding to the contrary. The cases cited are distinguishable. The finding by the district judge on valuation is not clearly erroneous. That he awarded a sum higher than his own valuation was not improper under the facts of this case.

AFFIRMED.